UNITED STATES of America, Plaintiff,

v.

**John GOTTI, et al., Defendants.**

**No. CR–90–1051.**

United States District Court,
E.D. New York.

Jan. 9, 1991.

See .also, 755 F.Supp. 1159.

John Gleeson, Asst. U.S. Atty., Brooklyn, N.Y. and Arthur N. Eisenberg, New York Civ. Liberties Union, New York City, for plaintiff.

Bruce Cutler, New York City, for Gotti.

David Greenfield, New York City, for Locascio.

Gerald Shargel, New York City, for Gravano.

Michael Rosen, New York City, for Gambino.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The New York Civil Liberties Union ("NYCLU") requested this court, at approximately 4:00 p.m. on January 8, 1991, to issue an order directing counsel for the parties in this case to show cause on January 9, 1991 at 4:30 p.m., why this court should not also issue an order permitting it to file an accompanying memorandum of law as *amicus curiae* in connection with the defendants' motion seeking pretrial release or, in the alternative, an order modi-

fying the conditions of their pretrial confinement. The order to show cause it requested the court to issue would have provided that answering papers be served upon the NYCLU on or before 3:00 p.m. on the 8th of January which it is assumed was intended to read the 9th of January.

 This court is not aware of any rule or statute that prescribes the procedure for obtaining leave to file an *amicus* brief in the district court nor is this court aware of any rule or statute which furnishes standards to guide the court in determining whether leave to file an *amicus* brief should be granted.

Rule 29 of the Rules of Appellate Procedure makes explicit provision for the filing of an *amicus* brief. It provides:

**Rule 29. Brief of an Amicus Curiae**

A brief of an amicus curiae may be filed only if accompanied by written consent of all parties, or by leave of court granted on motion or at the request of the court, except that consent or leave shall not be required when the brief is presented by the United States or an officer or agency thereof, or by a State, Territory or Commonwealth. The brief may be conditionally filed with the motion for leave. A motion for leave shall identify the interest of the applicant and shall state the reasons why a brief of an amicus curiae is desirable.

If guidance were to be sought from that Rule the request to file such brief here would be denied. Not only was the brief not accompanied by the written consent of either party, but the motion for leave to file one fails to state any reason why an *amicus* brief is desirable beyond stating that several constitutional provisions are implicated by the issues raised by the defendants' motion.

 Judicial commentary on the role of *amicus curiae* may be found in *Alexander v. Hall*, 64 F.R.D. 152 (D.S.C.1974). The phrase *amicus curiae* means, literally, "friend of the court," serving for the benefit of the court and for the purpose of assisting the court in cases of general public interest. The literal translation of the phrase does not always accurately translate in fact. The court in *Strasser v. Doorley*, 432 F.2d 567 (1st Cir.1970) observed, at page 569, that "by the nature of things an amicus is not normally impartial" and went on to add in footnote 2 on that page: "As an attorney of an acquaintance once told the court, when asked for his response to the argument of the amicus 'That fellow isn't any more a friend of the court than I am.'" Other functions served by *amicus curiae* are to provide supplementary assistance to existing counsel and insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision. Since an *amicus* is not a party to the litigation, but participates only to assist the court, the extent to which, if at all, an *amicus* should be permitted to participate lies solely within the discretion of the court. 64 F.R.D. at 155.

The court is deeply troubled, however, by another aspect of this request to file an *amicus* brief. The order to show cause was submitted to the court for signature in chambers during a brief recess of a jury trial. Unfortunately, a court reporter was not present to record the colloquy between the court and counsel for the NYCLU, which, in essence, was as follows: The court asked why it was necessary to be burdened by an additional submission when the defendants were represented by competent counsel (who, it should be added, filed an excellent memorandum of law in support of their motion). The response was that the NYCLU was seeking to file its brief as an objective, neutral party whose dispassionate discussion of the issues raised by the defendants' motion would be helpful, it believed, to the court.

I am troubled by the fact that a comparison of the memorandum of law submitted by the defendants and the memorandum proposed to be submitted by the NYCLU reveals that the NYCLU cites no significant case not cited or discussed by the defendants and fails to cite or discuss several significant cases that are to be found in the defendants' brief. The proposed NYCLU brief would not, therefore, assist the court in the least.

More troublesome, however, is the fact that rather than seeking to serve as an objective, neutral, dispassionate "friend of the court", a reading of the affidavit of counsel in support of its motion and a reading of the memorandum of law it offers, reveals that, having no knowledge (I assume) of what the court heard during the course of the bail hearing which the court conducted *in camera* at the request of the defendants, the NYCLU nevertheless takes the position that the court violated the fundamental constitutional rights of the defendants and committed egregious error in ordering their pretrial detention. Thus, paragraph 6 of Mr. Eisenberg's affidavit states:

> 6. ... [i]t is the position of *amicus* that the provisions of the Bail Reform Act *are being mis-used in this case.* (emphasis added)

And without having seen, to this court's knowledge, the affidavits submitted by the government in opposition to the defendants' motion, (received by the court approximately four hours before the order to show cause was presented) states in that same paragraph:

> The imposition of administrative detention in derogation of the substantive standards and procedural requirements of federal regulations coupled with the harsh nature of the conditions imposed *support the conclusion that defendants' incarceration is being administered in a punitive and not a purely regulatory manner. Defendants are entitled, at the least, to release from administrative detention.* (emphasis added)

The identical assertions are contained in their proffered memorandum of law at page 3. In making them, the NYCLU appears also to have arrogated unto itself the prerogatives of an appellate court. Inquiry reveals that as of the date of this Memorandum and Order a notice of appeal from this court's order of detention has not been filed although expedited appellate review is available. 18 U.S.C. § 3145(c).

Those assertions compel the conclusion that the NYCLU has read the affidavits of the defendants in support of their motion and without having read the government's response, concluded that the facts contained in those affidavits were accurate.

Rather than seeking to come as a "friend of the court" and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the NYCLU has come as an advocate for one side, having only the facts of one side at the time. In doing so, it does the court, itself and fundamental notions of fairness a disservice. Chief Judge Aldrich cautioned in *Strasser v. Doorley, supra,* that it "may be thought particularly questionable" for the court to accept an *amicus* when it appears that the parties are well represented and that their counsel do not need supplemental assistance and where the joint consent of the parties to the submission by the *amicus* is lacking. 432 F.2d at 569. That observation is precisely applicable here.

For the foregoing reasons, the court declined to issue its order to show cause and denies the NYCLU leave to file an *amicus* brief.

SO ORDERED.