**WASTE MANAGEMENT OF PENNSYLVANIA, INC.,**
Plaintiff,

v.

**CITY OF YORK, Defendant.**

No. 3:C–92–0836.

United States District Court,
M.D. Pennsylvania.

May 30, 1995.

Bruce S. Katcher, Neil S. Witkes, Randi Sue Stock, Randi Stock Garnick, Manko,

Gold & Katcher, Bala Cynwyd, PA, for plaintiff.

Natalie M. Duval, Environmental Defense Section, Robin L. Juni, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for U.S. E.P.A.

Robert R. Long, Jr., Asst. U.S. Atty., Lewisburg, PA, David M. Barasch, U.S. Atty., Scranton, PA.

Marc G. Tarlow, Kain, Brown & Roberts, York, PA, Edward C. Roberts, Kain, Brown & Roberts, York, PA.

### MEMORANDUM

VANASKIE, District Judge.

The United States on behalf of the United States Environmental Protection Agency ("EPA"), moves this court for leave to participate as *amicus curiae* and to file an *amicus* memorandum in excess of page limits. (Dkt.Entry 44.) For the reasons discussed below, EPA's motion will be granted.

### PROCEDURAL HISTORY

This case is a contribution action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, relating to the Old City of York Landfill Superfund Site (the "Site"). On June 22, 1992, Plaintiff, Waste Management of Pennsylvania ("WMPA"), commenced this action against the Defendant, City of York ("City"), for contribution relating to costs incurred and to be incurred in connection with the remediation of the Site located in Springfield Township, York County, Pennsylvania.

On August 3, 1992, the City filed its answer and affirmative defenses in which it asserted that "[t]his action is precluded by reason of a settlement that City of York reasonably believes will be entered between the York [sic] and EPA." (Dkt.Entry 6 at 6.) On April 12, 1993, the EPA and the City entered into a proposed Administrative Order by Consent ("AOC") regarding the Site. The proposed AOC raised the issue of whether WMPA's private cost recovery action would be barred by CERCLA's contribution protection provisions.

On May 26, 1993, in an Amended Scheduling Order, the Court agreed to allow the parties to brief the issue whether the proposed AOC, if approved and made final by the EPA, would provide the City with contribution protection from WMPA's claims. (Dkt.Entry 22.) On June 16, 1993, WMPA filed a motion and supporting memorandum on the issues raised by the proposed AOC. (Dkt.Entry 23.) The City filed its response on July 15, 1993, (Dkt.Entry 27), to which WMPA filed a reply brief on July 30, 1993. (Dkt.Entry 28.) On August 12, 1993, the Court entered an Order staying all proceedings pending final EPA action on the proposed AOC. (Dkt.Entry 31.)

On July 1, 1994, EPA gave written notice of its approval of the AOC. Because of the amount of time which had passed since briefing on WMPA's motion was completed, the Court entered an Order dated July 27, 1994, which set a schedule for filing supplemental memoranda in connection with WMPA's motion to update the memorandum previously filed. (Dkt.Entry 37.) Pursuant to the Court's Order, WMPA filed a supplemental memorandum on September 2, 1994. (Dkt.Entry 40.) The City filed its supplemental memorandum in opposition on September 30, 1994 (Dkt.Entry 41), to which WMPA filed a supplemental reply memorandum on October 17, 1994. (Dkt.Entry 42.)

On December 23, 1994, EPA filed a motion for leave to file an *amicus* brief and an accompanying memorandum, (Dkt.Entry 44 and 45), which is the subject of this Memorandum and Order. On January 18, 1994, WMPA filed its brief in opposition to EPA's motion to file as *amicus*. (Dkt.Entry 46.)

The issue which the United States proposes to address as *amicus curiae* is whether WMPA's claims are precluded by operation of CERCLA sections 113(f)(2) and 122(h)(4), 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), by virtue of the AOC entered into under § 122(h) of CERCLA, 42 U.S.C. § 9622(h), to resolve the City's liability to the United States for the Site. The principal basis for the AOC was the EPA's determination that the City had a limited ability to pay for clean-up costs. The focus of the parties' briefing is the scope of contribution protec-

tion which the AOC affords the City. The United States seeks leave to participate as an *amicus curiae* in support of the City's position and agrees with the City that CERCLA §§ 113(f)(2) and 122(h)(4) preclude WMPA's contribution claims.

### DISCUSSION

■ The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court. *Pennsylvania Environmental Defense Foundation v. Bellefonte Borough*, 718 F.Supp. 431, 434 (M.D.Pa.1989); *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y.1991); *Leigh v. Engle*, 535 F.Supp. 418, 420 (N.D.Ill.1982). A court may grant leave to appear as an *amicus* if the information offered is "timely and useful." *Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J.1985), *aff'd mem.*, 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986). Absent a statute to the contrary, no distinction is made between the request of a private person for leave to appear *amicus curiae*, and one by an agent of the government. *Leigh*, 535 F.Supp. at 420.

An *amicus*, of course, is not a party to the litigation and participates only to assist the court. Nevertheless, "by the nature of things an *amicus* is not normally impartial." *Gotti*, 755 F.Supp. at 1158, *quoting Strasser v. Doorley*, 432 F.2d 567 (1st Cir.1970). While the partiality of an *amicus* is a factor to consider in deciding whether to allow participation, "there is no rule ... that amici must be totally disinterested." *Concerned Area Residents for the Environment v. Southview Farm*, 834 F.Supp. 1410, 1413 (W.D.N.Y.1993), *quoting, Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982).

A bright line test between an *amicus* and a named party was articulated in *Wyatt by and through Rawlins v. Hanan*, 868 F.Supp. 1356, 1358 (M.D.Ala.1994). The court found that the bright line centered around control of the litigation. "The named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues. Further, an amicus has no right to appeal or dismiss

issues." *Id.* at 1358–1359. The court further stated:

> The court believes that the concept of amicus curiae is flexible and that, as long as the amicus does not intrude on the rights of the parties, it can have a range of roles: from a passive one of providing information to a more active participatory one. In other words, although amici should not assume control of the litigation, they can take an active role in some cases beyond providing information. E.g., *Hoptowit v. Ray, supra.*

*Id.* at 1359.

*Hoptowit* was an action brought by prison inmates alleging that the conditions at the Washington State Penitentiary amounted to cruel and unusual punishment. The United States Department of Justice and the United States Attorney for the Eastern District of Washington were appointed *amicus curiae* upon the inmates' motion. The role of the Department of Justice and the U.S. Attorney was to investigate the facts alleged in the Complaint and advise the court on the public interests at issue. The Ninth Circuit found that the Department of Justice and the U.S. Attorney were properly appointed *amici* as they had an interest in vindicating federal constitutional rights and, although their participation was more than the usual participation of *amici*, the court was unable to find that the participation was error or prejudicial to the rights of the state. *Id.* at 1260.

In *Strasser*, the First Circuit stated:

> [A] district court lacking joint consent of the parties should go slow in accepting ... an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say ...

*Strasser*, 432 F.2d at 569. In *State of New York v. General Electric Co.*, 592 F.Supp. 291 (N.D.N.Y.1984), the court found that the United States had the requisite interest where the State of New York brought an action under CERCLA seeking injunctive, declaratory and monetary relief arising out of the alleged unlawful disposal of hazardous waste by the defendant. The court found that the United States relies on the states'

response to the problems generated by hazardous waste disposal and that "the United States is vitally interested in the outcome of actions brought under CERCLA to the extent that its own CERCLA actions may be affected by any adverse rulings." *Id.* at 294 n. 7.

Similarly, I find that the EPA has a special interest in this litigation as it is the primary body responsible for administering and enforcing CERCLA, which is the statue involved in this action. Furthermore, the EPA issued the AOC which is at issue here. Therefore, I will grant EPA's Motion for Leave to Participate as an *Amicus Curiae.* An appropriate Order is attached.

### ORDER

**AND NOW, THIS 30th DAY OF MAY, 1995,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT:** the United States Environmental Protection Agency's Motion for Leave to Participate as *Amicus Curiae* and to file an *amicus* memorandum in excess of page limits (Dkt.Entry 44) is **GRANTED.**