54 F.Supp.2d 974 (1999)
COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT (CARE), a Washington nonprofit corporation, Plaintiff,
v.
DeRUYTER BROTHERS DAIRY, a Washington proprietorship; and Jake DeRuyter, Defendants.
No. CY-98-3021-EFS.
United States District Court, E.D. Washington.
April 19, 1999.

ORDER GRANTING IN PART ROZA IRRIGATION DISTRICT AND SUNNYSIDE DIVISION BOARD OF CONTROL'S PETITION TO PARTICIPATE AS AMICUS CURIAE
SHEA, District Judge.
BEFORE THE COURT is Roza Irrigation District and Sunnyside Division's Petition *975 to Participate as Amicus Curiae (Ct. Rec.75, CY-98-3021-EFS) in all four dairy cases.[1] Oral argument was heard on March 24, 1999. Charles Flower and Thomas Cowan represented the Petitioners; Charles Tebbutt represented the Plaintiff; Jerry Neal and John Moore represented the Defendants. This Order is entered to memorialize and supplement the oral rulings of the Court.

DISCUSSION
Petitioners Roza Irrigation District ("RID") and the Sunnyside Division Board of Control ("Division") have petitioned the Court for leave to participate in all the dairy cases as amici curiae. (Ct.Rec.75.) Petitioners' interest in the proceedings is their past and present control, operation, and maintenance of irrigation water diversion from the Yakima River and delivery to farm and drainage facilities to collect, use, reuse, and convey surface and subsurface "return flows from irrigated agriculture." This includes the drains discussed in the dairy cases.
Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another. See Leigh v. Engle, 535 F.Supp. 418, 420 (N.D.Ill.1982). Amicus curiae fulfill the role by submitting briefing designed to supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration. See Miller-Wohl Co. v. Commissioner of Labor & Indus., 694 F.2d 203, 204 (9th Cir.1982). An amicus curiae is not a party to litigation. See id.
An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. See id. Otherwise, leave to file an amicus curiae brief should be denied. See Northern Sec. Co. v. United States, 191 U.S. 555, 556, 24 S.Ct. 119, 48 L.Ed. 299 (1903).
The privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise. See Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir.1982). Petitioners offer to provide assistance to the Court on both factual and legal issues relating to their extensive control, operation, and management of the drains and knowledge of "return flows from irrigated agriculture." They are not seeking participation as an advocate for any of the parties.
Plaintiff opposes Petitioners' Motion as untimely since it falls on the eve of summary judgment motions. Plaintiff asserts that allowing the Petitioners leave to participate will lengthen discovery and incur added litigation expenses. However, Plaintiff has no opposition to Petitioners being allowed leave to file a brief on the question of whether their drains and canals constitute waters of the United States, so long as it does not delay proceedings. Defendants filed no response.
While Petitioners have requested leave to participate at a late date in proceedings, *976 the Court finds in its discretion that the Petitioners are in a position to provide unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. See Miller-Wohl, 694 F.2d at 204. Accordingly,
IT IS HEREBY ORDERED:
1. Roza Irrigation District and Sunnyside Division Board of Control's Petition to Participate as Amici Curiae (Ct.Rec.75, CY-98-3011-EFS) in all four dairy cases is GRANTED in PART.
2. Petitioner shall file under CARE v. Bosma Dairy, et al., CY-98-3011-EFS, and serve to counsel in all four cases, legal briefing no later than May 14, 1999, on the following issue:
Whether the drains, ditches and canals in controversy drain into the Yakima River and constitute "waters of the United States" under the Clean Water Act.
Briefing on this issue shall not exceed more than 20 pages in length, including attachments. Responsive briefing from the parties shall be by leave of the Court only.
IT IS SO ORDERED. The District Court Executive is directed to enter this order and to provide copies to counsel.
NOTES
[1] There are four CARE dairy cases pending in this Court; CARE v. Sid Koopman Dairy, CY-98-3003-EFS; CARE v. Henry Bosma Dairy, CY-98-3011-EFS, CARE v. DeRuyter Brothers Dairy, CY-98-3021-EFS; and, CARE v. Sunnyveld Dairy, CY-98-3022-EFS. In August, 1998, the four dairy cases were consolidate for the limited purpose of certain discovery issues and for partial summary judgment on common issues of law and fact.