John SCIOTTO and Catherine P. Sciotto on behalf of Louis Sciotto, a Minor, as his parents and natural guardians, Plaintiffs,

v.

MARPLE NEWTOWN SCHOOL DISTRICT, James Smith, Stu Nathans, and Greg Fendler, Defendant.

No. Civ.A. 98–2768.

United States District Court, E.D. Pennsylvania.

Oct. 13, 1999.

---

James J. Byrne, Jr., Media, PA, for plaintiffs.

Derek B. Eddy, Philadelphia, PA, for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Before the Court is the motion of the Pennsylvania School Boards Association Insurance Trust ("Trust") to participaten amicus curiae. In support of its motion, the Trust states that it "provides numerous insurance related services for and on behalf of public school entities in the Commonwealth of Pennsylvania, including school districts ..." Motion, at ¶ 2; that it participates regularly in litigation as a party or amicus, *see* Motion, at ¶ 4; that counsel for the Trust is an expert in insurance as it relates to public school entities, *see* Motion, at ¶ 5; and that the Trust "can provide the court with insights as to how this case may impact public schools and the insurance market place for school districts," *see* Motion, at ¶ 6.

## II. ANALYSIS

■ Meaning "friend of the court," *amicus curiae* has historically been used to describe "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Leigh v. Engle*, 535 F.Supp. 418, 419 (N.D.Ill.1982) (citation omitted). Amici are not parties to the case, but rather assist the court by "submitting briefing designed to supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration." *Community Association for Restoration of Environment v. DeRuyter Brothers Dairy*, 54 F.Supp.2d 974, 975 (E.D.Wash.1999) (citations omitted).

■ "District courts have broad discretion to appoint amicus curiae." *Liberty Lincoln v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J.1993) (citations omit-

ted). Amici status is typically granted when the following conditions are present: (1) petitioner has a "special interest" in the particular case, *see Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa.1995); (2) petitioner's interest is not represented competently or at all in the case, *see Liberty Lincoln*, 149 F.R.D. at 82; (3) the proffered information is timely and useful, *see Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982); and (4) petitioner is not partial to a particular outcome in the case, *see Yip v. Pagano*, 606 F.Supp. 1566 (D.N.J.1985), *but see Hoptowit*, 682 F.2d at 1260 ("there is no rule ... that amici be totally disinterested").

■ Applying these four criteria, it is clear that appointing the Trust amicus curiae in the present case in not appropriate. First, the Trust has failed to demonstrate the particularized kind of "special interest" courts have looked for in amici cases. For instance, in *Waste Management*, the EPA was granted amicus status because it issued the administrative order that was at issue in the case, *see* 162 F.R.D. at 35, and in *Yip*, which was a defamation action based on statements made before the United States House of Representatives, amicus status was granted to a leadership group of House members concerned with the historically privileged nature of congressional testimony, *see* 606 F.Supp. at 1567. By contrast, the Trust is merely a trade association with a generalized interest in all cases related to school district liability and insurance. This is not the kind of special interest that warrants amicus status.

Petitioner fails the second prong as well, as the interests of school board insurers are more than adequately represented by the school district and its able counsel, Joseph T. Bodell, Esq., who apparently is appointed and compensated by the school district's insurer. The interest of the school district in limiting its liability in the present case is identical to the interest of the Trust in limiting the liability of school districts in general. Counsel for Marple Newtown School District, including Mr. Bodell, and Mark Sereni, general counsel for Marple Newtown School District, are more than competent to represent the interests of the school district and the Trust in this case. If that were not enough, counsel for the petitioner has already entered an appearance on behalf of Marple Newtown, *see* Appearance of Michael I. Levin for Defendant Marple Newtown, Document No. 70, (filed April 23, 1999) and thus, Marple Newtown and the Court will benefit from Mr. Levin's considerable expertise (a description of which forms a large part of the Trust's motion) regardless of the outcome of this motion.

Third, the Trust proffers no particular information to the Court other than its "insights," Motion, at ¶ 5, and "argument from time to time on issues of statewide importance to school district [sic]," Motion, at ¶ 9. Petitioner's motion promises nothing more than a brief in support of the Marple Newtown School District's motion for permission to appeal. Petitioner has not satisfied the Court that it will provide any information that the Court will find "useful" or "timely" in this particular case.

Fourth, the petitioner cannot be said to be impartial in the matter before the Court. Petitioner, as an association of school district insurers, has a specific pecuniary interest in the defendant's perspective in this particular case, and makes no attempt to present itself as a neutral party.[1] Where "amici represent[ ] business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it," amicus participation is not appropriate. *See Yip*,

---

1. In its petition, the Trust states that it disagrees with this Court's holding on defendants' motions for summary judgment, *see* Motion, at ¶ 7, agrees with Marple Newtown's arguments in support of its motion for permission to appeal the court's order, *see id.* at ¶ 8. Furthermore, petitioner's draft order states that the Trust will participate "in support of the Marple Newtown School District." *Id.*

606 F.Supp. at 1568. While it is acknowledged that partiality of amici is not dispositive, it is "a factor to consider in deciding whether to allow participation." *Waste Management,* 162 F.R.D. at 36. It is apparent to this Court that the petitioner is better characterized as "amicus reus," or friend of the defendant, than amicus curiae. *See Leigh,* 535 F.Supp. at 422.

On a more general note, petitioner's potential contributions to the case would come largely at the policy level—as stated in its motion, the Trust will contribute its "unique perspective" on the "significant effect [of this case] on all public school entities and on the insurance marketplace." Motion at ¶ 7. While policy arguments are certainly interesting and perhaps helpful at the appellate level, they are not the currency of a trial court. If policy arguments are to be the Trust's only contribution to this case, then the judicial process is better served if the Trust did not contribute at the district court level.

Based on the foregoing analysis, I cannot conclude in my discretion that petitioner has satisfied the requirements for participation as amicus curiae. Accordingly, the motion of the Pennsylvania School Boards Association Insurance Trust will be denied.