**NATIONAL ORGANIZATION FOR WOMEN, INC., on behalf of itself and others, et al., Plaintiffs–Appellees,**

v.

**Joseph M. SCHEIDLER, et al., Defendants–Appellants.**

Nos. 99–3076, 99–3336, 99–3891 and 99–3892.

United States Court of Appeals, Seventh Circuit.

Submitted March 13, 2000

Decided March 14, 2000

Opinion July 31, 2000

Lowell E. Sachnoff (submitted on brief), Sachnoff & Weaver, Fay Clayton, Robinson, Curley & Clayton, Chicago, IL, Sara N. Love, Arlington, VA, for plaintiffs-appellees.

Thomas L. Brejcha, Jr. (submitted on brief), Chicago, IL, for Joesph M. Scheidler, Pro–Life Action League, Inc., Andrew D. Scholberg, and Timothy Murphy.

Walter M. Weber, American Center for Law & Justice, Washington, DC, for Operation Rescue.

James A. Serritella, Burke, Warren, Mackey & Serritella, Chicago, IL, for amicus curiae Cathloic Conference of Illinois.

Edward M. Gaffney, Jr., Valparaiso School of Law, Valparaiso, IN, for amicus curiae People for the Ethical Treatment of Animals, Inc.

S. Elizabeth Mitchell, Heller, Ehrman, White & McAuliffe, Palo Alto, CA, for amicus curiae American College of Obstetricians and Gynecologists, Physicians for Reproductive Choice and Health, National Abortion Federation.

Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

On February 26 of this year, the motions judge for the week denied the requests of Priests for Life, Life Legal Defense Foundation, and the Southern Christian Leadership Conference for permission to file amicus curiae briefs in support of the appellants. Reconsideration of the judge's order was twice sought by one of the appellants, the second time urging that a three-judge panel consider the requests even though the court has, pursuant to Fed. R.App. P. 27(c), delegated the decision of such requests to a single judge, the motions judge for the week in which the request is filed. 7th Cir. Operating Proc. 1(a)(1). The requests were, however, referred to the entire motions panel, and by it denied, and we have decided to issue an opinion explaining our denial in the hope of clarifying the court's standards for amicus curiae briefs.

■ Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace. Fed.R.App.P. 29(a); *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir.1970); cf. *Miller–Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir.1982). The reasons are threefold (see *Ryan v. CFTC*, 125 F.3d 1062 (7th Cir.1997) (chambers opinion); *Community Ass'n for Restoration of the Environment v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D.Wash.1999); *Long v. Coast Resorts, Inc.*, 49 F.Supp.2d 1177, 1178 (D.Nev.1999); *United Stationers, Inc. v. United States*, 982 F.Supp. 1279, 1288 n. 7 (N.D.Ill.1997)):

1. We court of appeals judges have heavy caseloads requiring us to ᐧ read thousands of pages of briefs annually, and we wish to minimize extraneous reading. It would not be responsible for us to permit the filing of a brief and then not read it (or at least glance at it, or require our law clerks to read it), at least when permission is granted before the brief is written, and so reliance on our reading it invited. Therefore amicus curiae briefs can be a real burden on the court system. In addition, the filing of an amicus brief imposes a burden of study and the preparation of a possible response on the parties.

2. Amicus curiae briefs, which we believe though without having proof are more often than not sponsored or encouraged by one or more of the parties in the cases in which they are sought to be filed, may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally. The lawyer for one of the would-be amici curiae in this case admits that he was paid by one of the appellants for his preparation of the amicus curiae brief. And that appellant comes close to admitting that its support of the requests to file amicus briefs is a response to our having denied the appellant's motion to file an oversized brief.

3. Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal.

 The policy of this court is, therefore, not to grant rote permission to file an amicus curiae brief; never to grant permission to file an amicus curiae brief that essentially merely duplicates the brief of one of the parties (for a particularly egregious example of such an amicus brief, see *United States v. Gotti*, 755 F.Supp. 1157 (E.D.N.Y.1991)); to grant permission to file an amicus brief only when (1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do. *Ryan v. CFTC, supra,* and cases cited there; see also *United States v. Boeing Co.,* 73 F.Supp.2d 897, 900 (S.D.Ohio 1999). The first ground is not available to these requesters; the appellant's argument that no one can adequately

represent it within the page limits permitted by this court is, of course, a reason against granting the request—it is an end run around our order denying permission to file an oversized brief. The second ground is illustrated by the two amicus curiae briefs that the motions judge did allow to be filed on behalf of the appellants, for both of those amici curiae are organizations faced with the same kind of civil RICO claims that formed the basis of the judgment against the appellants. Finally, none of the rejected briefs presents considerations of fact, law, or policy overlooked by the appellants, who have filed briefs totaling 104 pages. So ground (3) is unavailable as well.

These requests for leave to file amicus curiae briefs were therefore properly denied.