# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 03-4174

SIERRA CLUB, INC.,

*Petitioner*,

v.

ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

---

Petition for Review of Final Agency Action.

---

SUBMITTED FEBRUARY 5, 2004—DECIDED FEBRUARY 19, 2004

---

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After the Illinois Environmental Protection Agency issued a permit authorizing Indeck-Elwood LLC to construct a 660-megawatt coal-fired power plant in Elwood, Illinois, the Sierra Club filed a petition for review naming the United States Environmental Protection Agency as the sole respondent—even though it has taken no action in response to the state's decision. Cf. *Alaska Department of Environmental Conservation v. EPA*, No. 02-658 (U.S. Jan. 21, 2004). The petition also seeks review of a letter sent by a subordinate official at the EPA to a subordinate official at the U.S. Fish and Wildlife Service. How intra-governmental correspondence could be subject to judicial review as "final" agency action is not readily apparent. The EPA tells us that it

plans to ask that the petition be dismissed on jurisdictional grounds. Meanwhile, three entities have moved to intervene under Fed. R. App. P. 15(d): Indeck-Elwood, the Illinois State Chamber of Commerce, and the Illinois Environmental Regulatory Group. The third appears to be a subset of the second, which describes itself as an association of companies that could be affected by environmental rules (and, doubtless, just about any other statutes and regulations). We refer to the two collectively as "the Chamber." Not a peep has been heard from the Illinois Environmental Protection Agency in the two months since the Sierra Club filed its petition, which was not served on the state agency. Perhaps Illinois is unaware of this litigation; the parties must ensure that it is alerted.

Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24. See *Automobile Workers v. Scofield*, 382 U.S. 205, 209-10, 216-17 & n.10 (1965); *Texas v. Department of Energy*, 754 F.2d 550 (5th Cir. 1985). Persons whose legal interests are at stake are appropriate intervenors, so we grant Indeck-Elwood's motion. This follows the pattern in litigation under the National Labor Relations Act, where the losing side (either the union or the employer) petitions for review, thus becoming a party, and the other intervenes to defend its victory before the Labor Board. An agency will stick up for its actions in response to the petition for review, but if it loses the Solicitor General may decide that the matter lacks sufficient general importance to justify proceedings before the court en banc or the Supreme Court. Intervention by the original victor places the private adversaries on equal terms and permits both to make their own decisions about the wisdom of carrying the battle forward.

The Chamber, by contrast, lacks any direct interest in the outcome. Rule 24(a)(2) provides that, unless a statute governs (and none does so here), intervention is proper

"when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The Chamber does not have "an interest relating to the property or transaction which is the subject of the action"; its concern is not a *legal* "interest" (the permit at stake affects only one power plant) but a political or pro-grammatic one: the Chamber favors more business and less environmental regulation. That does not justify inter-vention. Indeed, it does not necessarily justify even a filing as *amicus curiae*. Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed. See *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615 (7th Cir. 2000); *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542 (7th Cir. 2003) (chambers opinion). Until the Chamber has had an opportu-nity to discuss with the parties' lawyers what arguments will be made in their briefs, it is not possible to know whether an additional brief on the Chamber's behalf would have anything useful to contribute.

Even if the Chamber had a legal interest to protect, it could not intervene as long as that interest is "adequately represented by existing parties." Indeck-Elwood will defend the state agency's decision, and the federal EPA is likely to do so. The Chamber says that it fears that the parties will settle the proceeding, but this is a reason to deny rather than allow intervention. Why should the Chamber receive an entitlement to nix a settlement (if one can be reached) that the Sierra Club, Indeck-Elwood, and the EPA all favor? Officious intermeddlers ought not be allowed to hijack litigation that the real parties in interest can resolve to mutual benefit.

According to the Chamber, two courts of appeals—this circuit plus the D.C. Circuit—have permitted it to intervene in litigation against the EPA. None of these decisions provides an explanation, and none is published, so they have no precedential force. For all we can tell, in those cases the Chamber represented a member that would have been allowed to intervene on its own behalf. Moreover, associations that could have filed their own petitions for review of regulations that affect their members may be able to intervene if someone else beats them to the punch. It is unnecessary for us to speculate about why intervention was allowed on those other occasions. Neither the Chamber nor any of its members would have been entitled to file a petition to review either the Illinois agency's decision to grant a permit or the inter-agency correspondence in question. When the time comes, the Chamber may seek leave to participate as *amicus curiae*; it is not entitled to participate as a party and its motion to intervene is denied.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*