**Janet Ray WEININGER, Plaintiff,**

v.

**Fidel CASTRO, et al., Defendants.**

**No. 05 Civ. 7214(VM).**

United States District Court, S.D. New York.

March 2, 2006.

James Wilson Perkins, Greenberg Traurig, LLP, New York City, for Janet Ray Weininger, Individually, Plaintiff.

James Loran Kerr, Karen E. Wagner, Davis Polk & Wardwell, New York City, for JP Morgan Chase Bank, Garnishee.

James Loran Kerr, Karen E. Wagner, Davis Polk & Wardwell, New York City, for JP Morgan Chase Bank N.A., Third-Party Plaintiff.

Bryan Thomas West, Joseph A. DeMaria, Tew Cardenas LLP, Miami, FL, for Dorothy Anderson McCarthy, Third-Party Defendant.

Lynn Ann Dummett, Sidley Austin LLP, New York City, for AT&T Corp., Cuban American Telephone and Telegraph Company, Third-Party Defendants.

Joseph A. DeMaria, Tew Cardenas LLP, Miami, FL, for Dorothy Anderson McCarthy, as Personal Representative of the Estate of Howard Anderson, Third-Party Defendant.

James Wilson Perkins, Davis Polk & Wardwell, New York City, for Janet Ray Weininger, Individually, and as Administrator, Executor, Personal Representative, and/or Guardian of the Estate of her Father, Thomas Willard Ray, Third-Party Defendant.

James Wilson Perkins, Davis Polk & Wardwell, New York City, for Janet Ray Weininger, And as Administrator, Executor, Personal Representative, and/or Guardian of the Estate of her father, Thomas Willard Ray, Cross Claimant.

## DECISION AND ORDER

MARRERO, District Judge.

Petitioner Cuban Electric Company ("Cuban Electric") submitted a Motion for Leave to File a Brief Amicus Curiae in this action. Plaintiff Janet Ray Weininger ("Weininger") and Dorothy Anderson McCarthy (collectively, "Plaintiffs") filed a joint brief opposing the motion. Cuban Electric asserts that it is the holder of a certified claim against the Government of Cuba pursuant to the Cuba Claims Act of 1964, 22 U.S.C. § 1643. That claim arose from Cuba's nationalization of Cuban Electric's power stations and other industrial plants, an action that formed part of the Cuban government's uncompensated expropriation of the property of American nationals in Cuba during the 1960s. Weininger, invoking recent amendments to the Foreign Sovereign Immunities Act ("FSIA") that removed the immunity of foreign countries from suits in United States Courts for certain state-sponsored wrongful conduct, *see* 28 U.S.C. § 1605(a)(7), obtained a default judgment in Florida state court against the Republic of Cuba and the individual defendants named in this proceeding. Weininger's Florida action was grounded on the death of her father, who was killed by Cuban soldiers during the events surrounding the Bay of Pigs invasion by Cuban exiles and their supporters in 1961.

Weininger commenced the instant litigation in this Court as an attachment proceeding seeking to enforce her Florida judgment against assets of the Cuban government maintained in accounts located at defendant JPMorgan Chase Bank. Those funds were blocked by the United States, pursuant to the Trading with the Enemies Act, 50 U.S.C.App. § 1–44, as sanctions against Cuba in response to the expropriation of Americans' property in Cuba. Cuban Electric contends that the assets in those accounts were frozen and should remain available to settle, at the appropriate time, the certified claims of Americans whose property was wrongfully taken by the Cuban government, and that the judgments Plaintiffs have obtained against Cuba are invalid under the FSIA, 28 U.S.C. § 1602 *et seq.*

The Court has considered the submissions of Cuban Electric and Plaintiffs and reviewed relevant authority. On this basis the Court is persuaded that Cuban Electric has stated a sufficient interest in the subject of this proceeding, even if its stake may be characterized as pecuniary, and that Cuban Electric's position is relevant and may usefully inform the Court in deciding the motions for summary judgment contemplated by the parties involved in this litigation.

The underlying issues are exceptionally complex, implicating difficult questions of international law and of United States foreign policy that are matters likely to engender reasonable expressions of public interest from a universe much larger than the adversaries in the instant action. That the judgments Plaintiffs obtained against

Cuba were rendered by default, and that the government of Cuba has not appeared in the instant proceeding, serve to further complicate the matter at hand, insofar as the position and interests of critical parties to this controversy have not been represented, and to that extent the issues and arguments now before the Court do not necessarily reflect the most comprehensive range of relevant perspectives nor the broadest productive articulation of the competing interests in contention. In this context, the perspectives of an entity as uniquely positioned as Cuban Electric could prove helpful to the Court in shedding light on those aspects of the case that the immediate parties may not best situated to address. The Court thus concludes that Cuban Electric's motion should be granted. *See Neonatology Assocs., P.A. v. Commissioner of Internal Rev.,* 293 F.3d 128, 130–31 (3rd Cir.2002); *Securities Exch. Comm'n v. Bear, Stearns & Co.,* No. 03 Civ. 2937, 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003); *Waste Mgmt. of Pa., Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D.Pa.1995). Accordingly, it is hereby

**ORDERED** that the motion of Cuban Electric Company ("Cuban Electric") for leave to file an amicus brief in this action is GRANTED; and it is further

**ORDERED** that Cuban Electric's brief shall not exceed thirty pages, with its statement of interest set forth separately in the form of a declaration or affidavit of an authorized person possessing sufficient knowledge of the relevant facts relating to Cuban Electric's interest in the subject of this action.

**SO ORDERED.**