**Irving H. PICARD, Plaintiff,**

v.

**James GREIFF, Defendant.**

**No. 11 Civ. 3775(JSR).**

United States District Court,
S.D. New York.

July 15, 2011.

---

has broad discretion to grant or deny an appearance as *amicus curiae* in a given case. *See, e.g., United States v. Ahmed,* 788 F.Supp. 196, 198 n. 1 (S.D.N.Y.1992). While there is certainly no requirement that *amici* be totally disinterested, "the partiality of an *amicus* is a factor to consider in deciding whether to allow participation." *See, e.g., Waste Management of Pennsylvania, Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D.Pa.1995). Here, because Mr. Velvel is actually a party to another adversary proceeding brought by Irving Picard that is pending in the Bankruptcy Court, the Court concludes that Mr. Velvel could not provide the Court with "neutral assistance in analyzing the issues before it," *see In re Baldwin–United Corp.,* 607 F.Supp. 1312, 1327 (S.D.N.Y. 1985), and thus denies his motion to appear as *amicus curiae.*

The Clerk of the Court is directed to close document number 6 on the docket of this case.

SO ORDERED.

Marc E. Hirschfield, Baker & Hostetler LLP, New York, NY, for Plaintiff.

Helen Davis Chaitman, Becker & Poliakoff, LLP, Peter William Smith, Phillips Nizer LLP, New York, NY, Julie Gorchkova, Becker & Becker, Albany, NY, for Defendant.

### ORDER

JED S. RAKOFF, District Judge.

On June 17, 2011, Lawrence R. Velvel moved for leave to participate as *amicus curiae* in the above-captioned case. It is well-established that a district court