In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3644

PRAIRIE RIVERS NETWORK,

*Plaintiff-Appellant,*

*v.*

DYNEGY MIDWEST GENERATION, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:18-cv-02148 — **Colin S. Bruce**, *Judge.*

DECIDED SEPTEMBER 24, 2020 – PUBLISHED OCTOBER 2, 2020

SCUDDER, *Circuit Judge*, in chambers. Many Q&As with appellate judges draw a question whether *amicus curiae* briefs add value to deciding cases. And most of the time judges give the answer that first-year law students quickly learn is ubiquitous in the law—"sometimes; it depends." This opinion offers a few thoughts on the question as part of explaining why I granted motions to accept three *amicus* briefs in this appeal.

Prairie Rivers Network appeals the dismissal of the suit it brought under the Clean Water Act against Dynegy Midwest Generation, the owner of a power station in Vermillion,

Illinois. The Network alleged that Dynegy's station was releasing contaminants into groundwater, but the district court dismissed the suit concluding that the Clean Water Act does not regulate groundwater. Much of the appeal focuses on whether the district court's analysis of the Clean Water Act, and its application (or lack thereof) to the alleged groundwater contamination, remains valid after the Supreme Court's recent decision in *County of Maui v. Hawaii Wildlife Fund*, 140 S. Ct. 1462 (2020).

Three organizations have sought permission to file friend-of-the-court briefs in support of Dynegy's position on appeal. The Network opposes these motions, asserting that each brief does nothing more than parrot Dynegy's arguments and waste the court's time.

The guidance for prospective *amici* is sparing. The Federal Rules of Appellate Procedure say only that a prospective friend of the court must explain "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(a)(3)(B). Our *Practitioner's Handbook for Appeals* adds that, in deciding whether to accept an *amicus* brief, the court looks at whether the submission "will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not found in the briefs of the parties." See *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit*, XXII.B "Amicus Briefs" (2020 ed.) (citing *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544–45 (7th Cir. 2003) (Posner, J., in chambers)).

At times individual judges have rightly observed that too many *amicus* briefs do not even pretend to offer value and instead merely repeat (literally or through conspicuous

paraphrasing) a party's position. See, *e.g.*, *Voices for Choices*, 339 F.3d at 545 ("[I]t is very rare for an *amicus curiae* brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting."); *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers) ("[T]he vast majority of [*amicus curiae* briefs] have not assisted the judges . . . ."). Nobody benefits from a copycat *amicus* brief and indeed our practice is to reject them. See *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). Nor should *amicus* briefs serve only as a show of hands on what interest groups are rooting for what outcome. See *Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed.").

Rather, a true friend of the court will seek to add value to our evaluation of the issues presented on appeal. To be sure, the fiction that an *amicus* acts as a neutral information broker, and not an advocate, is long gone. See Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy*, 72 YALE L.J. 694, 703–04 (1963). But even a friend of the court interested in a particular outcome can contribute in clear and distinct ways, by, for example:

- Offering a different analytical approach to the legal issues before the court;
- Highlighting factual, historical, or legal nuance glossed over by the parties;
- Explaining the broader regulatory or commercial context in which a question comes to the court;
- Providing practical perspectives on the consequences of potential outcomes;

- Relaying views on legal questions by employing the tools of social science;
- Supplying empirical data informing one or another question implicated by an appeal;
- Conveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges;
- Identifying how other jurisdictions—cities, states, or even foreign countries—have approached one or another aspect of a legal question or regulatory challenge.

The point, of course, is that an *amicus curiae* brief should be additive—it should strive to offer something different, new, and important. See *Scheidler*, 223 F.3d at 617. And a good *amicus* brief does not have to be long. Indeed, shorter is often better, and I offer that perspective knowing that it is more difficult to write a short, effective brief than a long, belabored brief.

Each of the *amicus* briefs tendered in this appeal meet these standards. And that is so despite each brief containing some unnecessary and unwelcomed (though perhaps inevitable) repetition of Dynegy's primary arguments. The Illinois Environmental Regulatory Group briefly presents the history of Illinois groundwater regulation from before Congress's enactment of the Clean Water Act through the present day, thereby lending context to the cases cited by the parties and highlighting the practical results if we decide to affirm. The United States Chamber of Commerce likewise provides insight into how an alternative federal scheme would apply in the absence of Clean Water Act regulation. Finally, the Washington Legal Foundation's brief offers its own theory for how to best fit

*County of Maui* into the existing federal scheme regulating the pollutants at issue here. Members of the court might find any or all of these additions helpful to deciding this appeal.