41 C.C.P.A.(Customs)

**UNITED STATES v. WINKLER–KOCH
ENGINEERING CO.**

Customs Appeal No. 4773.

United States Court of Customs and
Patent Appeals.

Sept. 28, 1953.

Philip Stein, Los Angeles, Cal., for appellee Winkler-Koch Engineering Co.

Warren E. Burger, Asst. Atty. Gen., for the Government.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

PER CURIAM.

In this case, which involves the dutiable status of oil well casings, the brief on behalf of appellant was filed June 19, 1953. By stipulation of counsel for the respective parties and with the court's consent, counsel for appellee was granted until September 15, 1953, to file brief on appellee's behalf. The case has been docketed for argument on Tuesday, October 6, 1953.

On August 8th, during the summer recess of the court, a motion was presented on behalf of a reputable firm of attorneys for leave to appear in the case as *amicus curiae* and to file a brief "in behalf of interested importers."

In support of the motion an affidavit was filed stating, in substance, that the firm represents a large number of importers of oil well casing who have claims for a refund of duties imposed upon such casing which are similar in all material respects to the claim of appellee; that the firm also represents importers of oil well casing whose merchandise has not yet been appraised concerning which the same question of classification as that here involved will follow the appraisement and liquidation of the entry; that in the instant case there are virtually no controverted questions of fact; that the case principally presents questions of statutory construction and involves the application of the rule of *ejusdem generis* and the doctrine of chief use as applied to the interpretation of paragraph 312, § 1 of the 1930 Tariff Act, 19 U.S.C.A. § 1001, par. 312; that "deponent has examined the record and briefs heretofore filed and has studied the decision of the Customs Court from which this appeal was taken;" that there are certain points of law not argued before the Customs Court which "deponent believes are not likely to be presented to this court" which, in deponent's judgment, will aid the court in its consideration and determination of the case.

There is nothing in either the motion or the affidavit which gives any indication that the "interested importers," to whom reference is made, had a case or cases pending in any court, nor is there any statement showing that the consent of counsel representing the respective parties in the instant case had even been sought for affiant, or the firm rep-

resented by him, to appear and file a brief.

There is an affidavit of a stenographer employed by the firm in behalf of which the motion was filed, stating, in substance, that copies of the motion and the supporting affidavit were mailed to the United States Assistant Attorney General in charge of customs matters, and to the attorney for appellee. So far as disclosed, this constituted the first notice counsel in the case had of the desire on the part of any one to appear as *amicus curiae.*

Counsel for the Government and counsel for appellee both promptly filed affidavits notifying this court that they opposed the motion, and the proponent of the motion has filed affidavits in answer. The affidavits of Government counsel and counsel for appellee and those of the proponent of the motion, show that the firm which seeks to appear before us as *amicus curiae* does represent a party in a suit which has been tried (but apparently not as yet decided) by the United States Customs Court and, seemingly, also represents other parties who are interested in the questions presented but who presumably are not as yet litigating.

We do not think it is incumbent upon the court to review and analyze the affidavits in detail. The situation presented is not free of embarrassment, particularly in view of the high esteem in which the interested attorneys are held by us. Wherever proper, the court welcomes the appearance of counsel as *amicus curiae* and such appearances are of frequent occurrence, but there is no precedent in this court for permitting such an appearance where objection is made by counsel actually employed in the case on whose side *amicus* would appear and present arguments which appellee's counsel may not wish presented.

There has been no instance within the experience of any one of the judges now constituting the court in which any attorney has sought permission of the court to appear or file a brief *amicus*

in support of a position advocated by an attorney of record despite the objection of such attorney of record.

In the case of Northern Securities Company v. United States, 191 U.S. 555, 24 S.Ct. 119, 48 L.Ed. 299, the Supreme Court, discussing a "Motion to file brief as amicus curiae" said:

"In support of this motion certain letters were presented showing that request was made of counsel for the respective parties for their consent to the application, and that they withheld direct consent, leaving the matter entirely to the court to determine. When the motion was submitted, objection to the granting of leave was made by counsel for appellees.

"Where, in a pending case, application to file briefs is made by counsel not employed therein, but interested in some other pending case involving similar questions, and *consent is given,* [italics ours] the court has always exercised great liberality in permitting this to be done. And doubtless it is within our discretion to allow it in any case when justified by the circumstances. Green v. Biddle, 8 Wheat. [1] 17, 5 L.Ed. [547] 551; State of Florida v. Georgia, 17 How. [478] 491, 15 L.Ed. [181] 188; The Gray Jacket, 5 Wall. 370, 18 L. Ed. 646. It does not appear that applicant is interested in any other case which will be affected by the decision of this case; as the parties are represented by competent counsel, the need of assistance cannot be assumed and consent has not been given."

The instant situation differs from the foregoing in that here applicant alleges an interest in a case being litigated and in other cases which, it is said, may be affected by the decision of this case, but applicant, of course, will have its day in court on its own case or cases whenever occasion arises. We may say

here, as was said by the Supreme Court there:

"\* \* \* as the parties are represented by competent counsel, the need of assistance cannot be assumed".

Further, it is not only true that here "consent has not been given," it is not shown that consent was ever sought, and there is affirmative opposition to the motion.

In the affidavit of the proponent of the motion it is suggested that if it were the rule to deny the appearance of *amicus curiae* "only [solely?] because the parties to the litigation had failed to consent," the result would be that "discretion as to the appearance of *amicus curiae* would rest with counsel and not with the court."

We, of course, are not here denying the court the right to exercise judicial discretion; we are simply exercising it in what seems to us to be the proper manner in light of the situation in this case.

The motion is denied.

Denied.