**AMERICAN SATELLITE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 525–89C.

United States Claims Court.

Feb. 25, 1991.

See also 20 Cl.Ct. 710.

Caryl A. Potter, III, Washington, D.C., for plaintiff. Kenneth J. Wees and Elizabeth A. Ferrell, of counsel.

Peter G. Barber, Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson and David M. Cohen, for defendant. June W. Edwards, National Aeronautics Space Admin., of counsel.

Clarence T. Kipps, Jr., Washington, D.C., for amicus curiae.

## ORDER

BRUGGINK, Judge.

Pending is the motion of Hughes Communications Galaxy, Inc. ("Hughes") for leave to file an amicus brief in support of plaintiff's motion to compel production of documents and in opposition to defendant's

motion for a protective order, to file an amicus brief in opposition to defendant's motion for summary judgment, and to participate in status conferences and oral arguments regarding these motions. The parties have refused to give consent to the granting of the motion. For the reasons which follow, the motion is denied.

In the present action, American Satellite Company ("ASC") seeks to recover damages arising out of an alleged breach of two agreements by the United States, acting through NASA, to launch an ASC satellite on the Space Shuttle. The complaint advances causes of action for breach of contract and for an unconstitutional taking. Presently pending are the three motions referred to above. Briefing is not complete on any of the motions.

Hughes recites that it has filed an administrative claim with NASA for failure to honor contractual obligations to launch 10 Hughes satellites on the Space Shuttle. The facts underlying the ASC and Hughes claims are said to be substantially the same. The most salient point of commonality is a single Presidential decision limiting the use of the Space Shuttle for commercial purposes. Hughes anticipates denial of its administrative claim based on the same affirmative defense raised in this action, to wit, the sovereign act doctrine. It also anticipates filing an action in this court on or shortly after March 1, 1991 seeking damages for breach of contract or an unconstitutional taking.

Hughes asserts that the resolution of pending motions will "substantially affect the ultimate resolution of Hughes' claim." No specific explanation is given for that concern, which rings of considerations relevant to RUSCC 19 (Joinder of Persons Needed for Just Adjudication) or RUSCC 24 (Intervention) or possibly RUSCC 42 (Consolidation). Hughes goes on, however, to suggest that its participation will sharpen the issues posed and broaden the court's understanding. In particular, Hughes proposes to focus on "legal and factual issues not now being addressed by the parties." Perhaps this is what is contemplated when Hughes suggests that it will give the Court:

> a broader understanding of the considerations that initially made commercial payloads an inherent part of the Shuttle program, the actions taken by the President and NASA to attract Hughes and other commercial companies to contract with NASA, NASA's own interpretation of its obligations under the [Launch Service Agreements], and the considerations that caused the President to direct NASA not to honor certain of the commercial Shuttle [Launch Service Agreements].

The parties apparently have their own reasons for being unmoved by these blandishments.

## DISCUSSION

■ The rules of procedure of this court, patterned after the Federal Rules of Civil Procedure, do not address the participation of amicus curiae. In that respect they are different than the rules of our predecessor court, the Court of Claims,[1] the Rules of Appellate Procedure,[2] and the Rules of the Supreme Court of the United States.[3] It is clear enough, however, that the practice of this court has been to permit amicus curiae participation, although the conditions under which it has been allowed have not been articulated in reported decisions. The court looks, therefore, to the practice in the district courts for guidance.

---

1. Court of Claims Rule 145, 189 Ct.Cl. 85 (1969) (Brief of Amicus Curiae), stated in its entirety:
   (a) When Filed: A brief of *amicus curiae* may be filed either (1) by leave of court upon motion or (2) without leave, if accompanied by the consent of all parties to the case.
   (b) Content; Duplication: Such a brief shall conform to Rule 144(a), and shall be duplicated and filed in accordance with Rule 214(h).

   (c) Oral Argument: An *amicus curiae* may not participate in the oral argument without leave of the court upon motion giving extraordinary reasons therefor.

2. Fed.R.App.P. 29.

3. Sup.Ct.R. 36.

██ It is plain enough that courts have inherent authority to allow participation by amici, *United States v. Michigan,* 116 F.R.D. 655, 660 (W.D.Mich.1987), and that this authority can be exercised within broad ranges of discretion. *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir.1982); *News & Sun–Sentinel Co. v. Cox,* 700 F.Supp. 30, 31 (S.D.Fla.1988) (citing *Linker v. Custom–Bilt Machinery, Inc.,* 594 F.Supp. 894, 897 (E.D.Pa.1984)). Certain considerations are relevant. Perhaps the most important is whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party. In that regard, although it is not necessary that an amicus curiae be totally disinterested, *Hoptowit,* 682 F.2d at 1260, courts have frowned on participation which simply allows the amicus to litigate its own views, *id.; New England Patriots Football Club, Inc. v. University of Colorado,* 592 F.2d 1196, 1198 n. 3 (1st Cir.1979) (an amicus should not be partisan), or to simply present its version of the facts, *Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir.1970).

██ Opposition by the parties is a factor militating against allowing participation. *Strasser, id.; Village of Elm Grove v. Py,* 724 F.Supp. 612, 613 (E.D. Wis.1989), *see also* S.Ct.R. 37.4; Fed.R. of App.P. 29. Participation by an amicus curiae is indicated, on the other hand, if the court is concerned that one of the parties is not interested in or capable of fully presenting one side of the argument. *See Village of Elm Grove,* 724 F.Supp. at 613; *Pennsylvania Envtl. Defense Found. v. Bellefonte Borough,* 718 F.Supp. 431, 434 (M.D.Pa.1989).

In applying these considerations to Hughes' motion, it is apparent that the motion should be denied. Hughes makes its own interests clear enough in the motion: "Hughes was a major customer vitally affected by the Government's actions relating to the use of the Space Shuttle...." Hughes is thus not a disinterested stranger offering to illuminate a legal issue. It is intimately involved in the facts and circumstances leading to the pending lawsuit, and is a few weeks away from being a litigant itself. It is troubling in this connection that Hughes offers to add to the factual background. Even assuming the procedures for doing that would not inconvenience or prejudice the litigants, the implication is that Hughes' real interests are as a litigant, not as a friend of the court.

Nor is there any reason to think that the parties are unable or disinclined to fully present the relevant facts and law. Amicus participation is not necessary in this case to get adequate representation of plaintiff's position. In addition there is the fact that neither party consents to Hughes' filing of briefs or involvement in oral argument and conferences.

One other factor militates against granting the motion. Hughes suggested, without explanation, that the outcome of this litigation would significantly affect its own suit. It is not clear how that can be the case. The decisions of the judges of this court are not binding on other judges. While they may be of persuasive value, Hughes would certainly not be legally foreclosed or barred by principles of collateral estoppel or res judicata from fully litigating its claim, even in the face of a result unfavorable to plaintiff in this action. Moreover, any persuasive effect would be undercut, if, as Hughes suggests, it would present a broader array of facts.

The motion is denied.