**FLUOR CORPORATION AND AFFILIATES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–769T.**

United States Court of Federal Claims.

Feb. 28, 1996.

---

Stanford G. Ross, Washington, DC, for plaintiff.

William K. Drew, Tax Division, Department of Justice, Washington, DC, for defendant. David Gustafson, of counsel.

Paul J. Larkin, Jr., Washington, DC, for amici curiae.

### *AMENDED ORDER*

MARGOLIS, Judge.

On December 8, 1995, Baker Hughes Incorporated, Dresser Industries, Inc., Eaton Corporation, Enviro Source, Inc., Ernst & Young, and Union Carbide Corporation ("movants") jointly filed a motion for leave to file a brief in this tax refund case as *amici*

*curiae* supporting plaintiff. Movants claim they want to further inform the court on the issue presented in this matter, and that they will do so at no cost to the parties, and without prejudice to either the plaintiff or defendant. This motion has been opposed by both plaintiff and defendant. After a full briefing of this issue, this court denies movants' motion.

■ There is no right to file an *amicus* brief in this court; the decision whether to allow participation by *amici curiae* is left entirely to the discretion of the court. *See American Satellite Co. v. United States,* 22 Cl.Ct. 547, 549 (1991). When making such a decision, courts have considered factors such as opposition of the parties, interest of the movants, partisanship, adequacy of representation, and timeliness. *See id.* at 549; *Leigh v. Engle,* 535 F.Supp. 418, 420 (N.D. Illinois 1982). Each of these factors will be considered.

■ *Opposition of the Parties:* While parties to an action cannot bar the filing of an *amicus* brief by their unanimous opposition, such opposition should be given great weight by a court. *See United States v. Winkler–Koch Engineering Co.,* 209 F.2d 758, 760 (C.C.P.A.1953); *American Satellite,* 22 Cl.Ct. at 549. Plaintiff and defendant here have strongly opposed movants' request for leave to file an *amici curiae* brief.

■ *Interest of Movants:* When a court's decision would directly affect a person or entity's rights or would set a controlling precedent regarding a claim of that person or entity, leave to file an *amicus curiae* brief may be allowed. *See Winkler–Koch,* 209 F.2d at 758–59; *American Satellite,* 22 Cl.Ct at 549. A decision by this trial court does not bind any other judge, or have *res judicata* or collateral estoppel effect on anyone other than the parties and those in privity with them. *American Satellite,* 22 Cl.Ct. at 549. Movants do not contend that they are in privity with plaintiffs, and have failed to show circumstances whereby they would be estopped or bound by the court's decision in this matter.

*Partisanship:* Although *amicus curiae* briefs before appellate courts usually support one side or the other, trial courts "have frowned on participation which simply allows the amicus to litigate its own views" or present "its version of the facts." *American Satellite,* 22 Cl.Ct. at 549 (citations omitted). *See Leigh,* 535 F.Supp. at 420–22. Here, movants make no pretense at impartiality, but instead have stated that they want to file as *amici curiae* supporting plaintiff—support which plaintiff does not want.

*Adequacy of Representation:* Trial courts have allowed *amicus* filings when the court was "concerned that one of the parties is not interested in or capable of fully presenting one side of the argument." *American Satellite,* 22 Cl.Ct. at 549 (citations omitted). *See also Winkler–Koch,* 209 F.2d at 759–60. In the instant case, this concern cannot seriously be raised. This case involves the exact issue which movants want to see addressed, namely, the liability of taxpayers for interest on a deficiency that was eliminated when foreign tax payments were carried back. Here, the parties are represented by very capable counsel in both the United States Department of Justice and the law firm of Arnold & Porter. Further, as over $2 million in assessed and paid interest is in dispute, each party has an interest in vigorously presenting its side of the argument.

■ *Timeliness:* The parties before the court should have their dispute resolved without any unnecessary delay. It would be unacceptable for an *amici* brief to cause a prolonged delay in the litigation. *See Leigh,* 535 F.Supp. at 420. Here, the parties are presently in the midst of briefing cross motions for summary judgment, a process which will take several more weeks. Thus, permitting the filing of an *amicus* brief at this time would not unreasonably delay the litigation.

■ With the exception of timeliness, the above factors weigh in favor of denial of movants' motion. The parties are strongly opposed to the filing of the *amici* brief, the outcome of this case will not have a direct impact upon the movants, the litigants are adequately represented by counsel and interested in the issue which is of concern to the movants, and the proposed *amici* brief is decidedly partisan. As a result, movants' motion to be permitted to file an *amici* brief is denied.