**John H. RYAN, Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Respondent.**

No. 97–2120.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 29, 1997.

Decided Sept. 16, 1997.

Gordon B. Nash, Jr. (submitted), Scott M. Murray, Gardner, Carton & Douglas, Chicago, IL, for Petitioner.

Gracemary Rizzo, Elisse B. Walker, Commodity Futures Trading Commission, Office of the General Counsel, Washington, DC, Dennis M. Robb, Commodity Futures Trading Commission, Chicago, IL, for Respondent.

POSNER, Chief Judge, in chambers.

■ On August 4, the Chicago Board of Trade moved under Fed. R.App. P. 29 for leave to file a brief amicus curiae in support of the petitioner in this case, who is challenging a disciplinary order of the Commodity Futures Trading Commission. The motion was referred to me as motions judge and on August 25 I denied the motion without a statement of reasons, precipitating a further motion by the Board of Trade, this time asking me to explain myself—which I am happy to do.

The tendency of many judges of this court, including myself, has been to grant motions for leave to file amicus curiae briefs without careful consideration of "the reasons why a brief of an amicus curiae is desirable," although the rule makes this a required part of the motion. After 16 years of reading amicus curiae briefs the vast majority of which have not assisted the judges, I have decided that it would be good to scrutinize these motions in a more careful, indeed a fish-eyed, fashion.

■ The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party. *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir.1991). We are beyond the original meaning now; an adversary role of an amicus curiae has become accepted. Id. at 165. But there are, or at least there should be, limits. Cf. *New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir.1979). An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. See, e.g., *Miller–Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir. 1982) (per curiam). Otherwise, leave to file an amicus curiae brief should be denied. *Northern Securities Co. v. United States*, 191 U.S. 555, 556, 24 S.Ct. 119, 119, 48 L.Ed. 299 (1903) (Chief Justice Fuller, in chambers); *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644 (3d Cir.1983) (per curiam); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 n. 2 (6th Cir. 1976); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir.1970); *United States v. Gotti*, 755 F.Supp. 1157 (E.D.N.Y.1991); *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996). The Chicago Board of Trade's amicus brief (attached to its motion for leave to file) falls into the forbidden category. The petitioner argues that he should not have been punished by the CFTC, because he has been rehabili-

tated, as shown by the Board of Trade's decision to reinstate him. The amicus brief echoes this argument, saying in effect, "Yes, indeed, he's been rehabilitated, for otherwise we wouldn't have reinstated him." The petitioner argues that he poses no threat to the public so long as he is constrained to operate under the supervision of the Board of Trade, and the Board echoes this argument too: "As long as he's under our supervision, the public is safe." The petitioner's brief is 45 pages long; the Board's brief, if allowed to be submitted, would in effect bring that length up to 62 pages.

The Board claims to have an "overriding interest" in the case because one of its members is being punished unjustly in its view, and to be able to assist the court "by expressing its strongly held view that the evidence clearly and convincingly establishes" the lack of any need for the sanction meted out by the Commission. We are not helped by an amicus curiae's expression of a "strongly held view" about the weight of the evidence, see *New England Patriots Football Club, Inc. v. University of Colorado*, supra, 592 F.2d at 1198 n. 3, but by being pointed to considerations germane to our decision of the appeal that the parties for one reason or another have not brought to our attention. The amicus briefs filed in this court rarely do that; and this amicus brief is not one of the rare exceptions.

Were there some doubt about the Board of Trade's position concerning the sanctioning of Mr. Ryan, an amicus curiae brief might serve to inform us of a material consideration of which we might otherwise be unaware. There is no doubt. The Board pronounced him rehabilitated and reinstated him, and the Commission, disagreeing with the Board's evaluation of Ryan's danger to the investing public, went ahead and sanctioned him anyway. The amicus brief does not tell us anything we don't know already. It adds nothing to the already amply proportioned brief of the petitioner.

The bane of lawyers is prolixity and duplication, and for obvious reasons is especially marked in commercial cases with large monetary stakes. In an era of heavy judicial caseloads and public impatience with the de-lays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal.

The motion for clarification is granted, and the denial of the motion for leave to file a brief amicus curiae is reaffirmed.