Roger A. LONG, et al., Plaintiff,

v.

COAST RESORTS, INC.,
et al., Defendants.

No. CV–S–97–1570–RLH.

United States District Court,
D. Nevada.

March 30, 1999.

Richard F. Armknecht, II, Las Vegas, NV, Salt Lake City, UT, for plaintiff.

Barry Lieberman, Las Vegas, NV, for defendants.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is the **United States' Motion for Leave to Participate as *Amicus Curiae*** (# 35, filed March 2, 1999). Defendants' Response ... (# 36) was filed March 16, 1999, essentially does not oppose the motion, notwithstanding its untimeliness and the fact that the matter has already been extensively briefed and documented by the parties. It does request time to respond.

The Court, however, does object to this belated and duplicative entry into the fray.

By consent and order of April 21, 1998, the parties consented, pursuant to 28 U.S.C. § 636(c), that all further proceedings and entry of judgment be referred to the Magistrate Judge.

On August 31, 1998, nearly simultaneously, Plaintiffs filed their motion for partial summary judgment and Defendants filed their motion for summary judgment. The motions were accompanied by and adopted a stipulated Statement of Facts. Oppositions and replies were duly filed in September and October 1998. This Court entered an Order and Judgment on December 31, 1998. A week later, on January 7, 1999, the Court entered an Amended Order (# 25) to correct some grammatical and procedural deficiencies. This motion is filed two months after this Court entered its order and one and one-half months after judgment was entered.

The Court recognizes that Plaintiffs filed a motion for clarification on January 26, 1999 (that motion is denied in a separate order), and the United States' motion makes reference to (and encourages the granting of) Plaintiffs' motion. However, Plaintiffs' motion for clarification addresses an entirely different issue (accessible buses) from that which the United States' now seeks reconsideration (bathroom access). The United States' motion is untimely and, upon a cursory reading, ap-

pears to merely reargue what was argued fully and competently by Plaintiffs.

The United States cites three District Court cases which purport to involve requests to participate as *amicus curiae* at a similar point in the proceedings. Two of the cases make no findings about *amicus curiae*, and the third, which permitted it, was acting upon a motion to reconsider by one of the parties and the *amicus curiae* addressed the same issue as that raised by the party. And even then, the Court denied the motion to reconsider.

This Court recognizes that it has the power to permit the appearance as *amicus curiae*. However, it also has the power to reject it.

There is no inherent right to file an *amicus curiae* brief with the Court. It is left entirely to the discretion of the Court. *Fluor Corporation and Affiliates v. United States*, 35 Fed.Cl. 284, 285 (1996); *Waste Management of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 35 (M.D.Pa. 1995). This is true notwithstanding the fact that the parties may have consented, or do not object, *American College of Obstetricians and Gynecologists, Pennsylvania Section, et al. v. Thornburgh*, 699 F.2d 644 (3d Cir.1983), particularly where the applicant's only concern is the manner in which this Court will interpret the law. *Id.*

Chief Judge Posner, of the Seventh Circuit, writes that, "The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such *amicus* briefs should not be allowed. They are an abuse. The term '*amicus curiae*' means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir.1997). "An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all...." *Id.* "We are not helped by an *amicus curiae*'s expression of a 'strongly

held view' about the weight of the evidence." *Id.* at 1064.

"The parties before the court should have their dispute resolved without any unnecessary delay. It would be unacceptable for an *amici* brief to cause a prolonged delay in the litigation." *Fluor Corporation, supra*, 35 Fed.Cl. at 286 (filing an *amicus curiae* brief in the midst of briefing cross motions for summary judgment would be acceptable).

"A court may grant leave to appear as an *amicus* if the information offered is 'timely and useful.'" *Waste Management, supra*, 162 F.R.D. at 36.

This Court finds that the United States' motion, and the proffered Memorandum as *Amicus Curiae* of Points and Authorities, are neither timely nor useful.

Accordingly, for the reasons stated,

**IT IS HEREBY ORDERED** that the United States' Motion for Leave to Participate as Amicus Curiae (# 35) is DENIED.