In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-3076, 99-3336, 99-3891 & 99-3892

National Organization for Women, Inc.,
on behalf of itself and others, et al.,

Plaintiffs-Appellees,

v.

Joseph M. Scheidler, et al.,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 86 C 7888--David H. Coar, Judge.

Submitted March 13, 2000--Decided March 14, 2000
Opinion July 31, 2000

 Before Posner, Chief Judge, and Kanne and Diane P.
Wood, Circuit Judges.

 Posner, Chief Judge.  On February 26 of this
year, the motions judge for the week denied the
requests of Priests for Life, Life Legal Defense
Foundation, and the Southern Christian Leadership
Conference for permission to file amicus curiae
briefs in support of the appellants.
Reconsideration of the judge's order was twice
sought by one of the appellants, the second time
urging that a three-judge panel consider the
requests even though the court has, pursuant to
Fed. R. App. P. 27(c), delegated the decision of
such requests to a single judge, the motions
judge for the week in which the request is filed.
7th Cir. Operating Proc. 1(a)(1). The requests
were, however, referred to the entire motions
panel, and by it denied, and we have decided to
issue an opinion explaining our denial in the
hope of clarifying the court's standards for
amicus curiae briefs.

 Whether to permit a nonparty to submit a brief,
as amicus curiae, is, with immaterial exceptions,
a matter of judicial grace. Fed. R. App. P.
29(a); United States v. Michigan, 940 F.2d 143,
165 (6th Cir. 1991); Strasser v. Doorley, 432
F.2d 567, 569 (1st Cir. 1970); cf. Miller-Wohl
Co. v. Commissioner of Labor & Industry, 694 F.2d

203, 204 (9th Cir. 1982). The reasons are threefold (see Ryan v. CFTC, 125 F.3d 1062 (7th Cir. 1997) (chambers opinion); Community Ass'n for Restoration of the Environment v. DeRuyter Bros. Dairy, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999); Long v. Coast Resorts, Inc., 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999); United Stationers, Inc. v. United States, 982 F. Supp. 1279, 1288 n. 7 (N.D. Ill. 1997)):

1. We court of appeals judges have heavy caseloads requiring us to read thousands of pages of briefs annually, and we wish to minimize extraneous reading. It would not be responsible for us to permit the filing of a brief and then not read it (or at least glance at it, or require our law clerks to read it), at least when permission is granted before the brief is written, and so reliance on our reading it invited. Therefore amicus curiae briefs can be a real burden on the court system. In addition, the filing of an amicus brief imposes a burden of study and the preparation of a possible response on the parties.

2. Amicus curiae briefs, which we believe though without having proof are more often than not sponsored or encouraged by one or more of the parties in the cases in which they are sought to be filed, may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally. The lawyer for one of the would-be amici curiae in this case admits that he was paid by one of the appellants for his preparation of the amicus curiae brief. And that appellant comes close to admitting that its support of the requests to file amicus briefs is a response to our having denied the appellant's motion to file an oversized brief.

3. Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal.

The policy of this court is, therefore, not to grant rote permission to file an amicus curiae brief; never to grant permission to file an amicus curiae brief that essentially merely duplicates the brief of one of the parties (for a particularly egregious example of such an amicus brief, see United States v. Gotti, 755 F. Supp. 1157 (E.D.N.Y. 1991)); to grant permission to file an amicus brief only when (1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an

amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do. Ryan v. CFTC, supra, and cases cited there; see also United States v. Boeing Co., 73 F. Supp. 2d 897, 900 (S.D. Ohio 1999). The first ground is not available to these requesters; the appellant's argument that no one can adequately represent it within the page limits permitted by this court is, of course, a reason against granting the request--it is an end run around our order denying permission to file an oversized brief. The second ground is illustrated by the two amicus curiae briefs that the motions judge did allow to be filed on behalf of the appellants, for both of those amici curiae are organizations faced with the same kind of civil RICO claims that formed the basis of the judgment against the appellants. Finally, none of the rejected briefs presents considerations of fact, law, or policy overlooked by the appellants, who have filed briefs totaling 104 pages. So ground (3) is unavailable as well.

These requests for leave to file amicus curiae briefs were therefore properly denied.