Mikeisha BLACKMAN,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

James Jones, et al., Plaintiffs,

v.

District of Columbia, et
al., Defendants.

Nos. CIV.A. 97–1629 PLF,
CIV.A. 97–2402 PLF.

United States District Court,
District of Columbia.

Aug. 22, 2003.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on the Motion of the District of Columbia Office of Administrative Hearings ("OAH") for Leave to Intervene as a defendant in these consolidated class actions. Plaintiffs oppose the motion to intervene, the Office of the Corporation Counsel supports the motion to intervene, and it is not clear where the defendants in this litigation—the District of Columbia, the District of Columbia Public Schools ("DCPS"), the Superintendent for DCPS, and the Director of Special Education for DCPS—stand on the matter of intervention.

OAH moves to intervene in these actions on the ground that under a newly enacted District of Columbia statute, OAH will have the responsibility for providing and conducting all administrative due process hearings DCPS must provide to special education students challenging their educational placement pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq. See* Motion of the District of Columbia Office of Administrative Hearings for Leave to Intervene at 2 (citing D.C. CODE § 2–1831.01, *et seq.*). Most of the pages of the briefs filed with respect to the motion to intervene discuss District of Columbia law and read like an internal fight between siblings. No party, however, has devoted much effort to discussing the law that actually governs this case—the IDEA.

Under the IDEA, the "local educational agency" or the "State educational agency"—meaning a public board of education (including an educational service agency or an agency having control or direction of a public school), or the State board of education or other agency or officer primarily responsible for the public elementary and secondary schools—is responsible for providing and conducting administrative due process hearings, which are the means of ensuring the proper placement of special education students. *See* 20 U.S.C. §§ 1401(15) and (28), 1415(f)(1). Under the statute, such due process hearings "shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1). In light of these statutory parameters, the Court does not see how District of Columbia legislation creating the OAH can function to trump federal law by taking the responsibility for providing

administrative due process hearings required by the IDEA away from DCPS and giving it to a non-educational authority. The parties therefore are directed to brief the question of whether, under the IDEA, DCPS's statutory responsibility to provide and conduct these administrative due process hearings effectively may be transferred by the Council of the District of Columbia or by any other authority from DCPS to an independent District of Columbia agency. The briefs should contain a survey of those states, if any, in which hearings required by the IDEA are conducted by an agency other than the state or local educational agency as defined by the IDEA. If under federal law OAH cannot be the entity that conducts due process hearings, there will be no reason to grant the motion to intervene.[1]

At this juncture of the proceedings, the Court also reminds the parties and the potential intervenor-defendant that on June 3, 1998, this Court granted judgment for the plaintiffs in these consolidated actions on the issue of liability. All that now remains for trial or settlement is the question of remedy. The Court expressly held in its June 3, 1998 Opinion that under the IDEA and federal regulations the defendants are required to provide administrative due process hearings within 45 days of the receipt of a request for such a hearing. *See Blackman v. District of Columbia,* Civil Action No. 97–1629, Opinion at 10 (D.D.C. June 3, 1998). It further held that

DCPS is required to implement the determinations of its hearing officers in a timely manner. *See id.* at 14. Whether or not the OAH is granted leave to intervene, this is the law of the case and it is what is required under the IDEA. *See also Blackman v. District of Columbia,* 185 F.R.D. 4, 5 (D.D.C.1999) (failure to provide prompt hearings and to timely implement determinations of hearing officers is a violation of federal law). Any settlement of this lawsuit thus necessarily will include as an integral part of the remedy a concrete mechanism in place to ensure that the specific time frames set forth in the Court's earlier opinions will be met. Regardless of what the OAH's "enabling act" may say, the IDEA and this Court's orders control the provision of hearings and placements for special education students in the District of Columbia.

Furthermore, should the Court ultimately grant the OAH's motion for leave to intervene, that agency will be bound by all earlier decisions rendered in this case— including the deadlines for the provision of hearings previously decreed—just as all original defendants in the case are bound. *See Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C.Cir.1985) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party"); *District of Columbia v. Merit Systems Protection Board,* 762 F.2d 129, 132 (D.C.Cir.1985) ("the 'price' of [such] inter-

---

1. If counsel for class action plaintiffs in any way feel conflicted in addressing this question because of their desire to move forward to settlement without complications, or for any other reason, they shall promptly advise the Court in writing, and the Court will designate another member of the special education bar to brief the issue. In any event, the Court is appointing an *amicus curiae* of its own to file a true friend of court brief unaligned with any party or prospective party. *See Ryan v. Commodity Futures Trading Commission,* 125 F.3d

1062, 1063 (7th Cir.1997) (Posner, C.J.) ("The term 'amicus curiae' means friend of the court, not friend of a party.... An amicus brief should normally be allowed when ... the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") (internal citation omitted); BLACK'S LAW DICTIONARY 82 (6th ed. 1990) (Amicus curiae "[m]eans, literally, friend of the court.").

vention ... is the possibility that the plaintiff will be able to obtain relief against the intervenor-defendant"); *Securities Industry Association v. Board of Governors of the Federal Reserve System*, 628 F.Supp. 1438, 1440 (D.D.C.1986) (intervenor as of right "assumed the risk that it would not prevail and that an order adverse to its interests would be entered"). This is true whether these consolidated actions are settled and a consent decree is entered or they go forward to trial on the issue of remedy, resulting in a Court judgment.[2]

For these reasons, it is hereby

ORDERED that on or before September 19, 2003, plaintiffs' class counsel and counsel for the named defendants in these consolidated cases shall file briefs on the legal issues outlined herein. No extensions of time for the filing of briefs will be granted. The Court directs counsel for the District of Columbia, DCPS and the Superintendent of DCPS to provide with their brief written certifications of the Mayor or his designee, at the level of Deputy Mayor, and of the Superintendent of DCPS that they have reviewed the briefs and endorse the contents therein; it is

FURTHER ORDERED that the District of Columbia Office of Administrative Hearings is invited to submit a brief on the same day; it is

FURTHER ORDERED that the Office of the Corporation Counsel of the District of Columbia is invited to submit a brief on the same day; it is

FURTHER ORDERED that the Council of the District of Columbia is invited to submit a brief on the same day; and it is

FURTHER ORDERED that John Payton, Esq. of Wilmer, Cutler & Pickering is appointed by the Court to file a brief *amicus curiae* on these issues on the same day.

SO ORDERED.

---

2. Indeed, in light of the fact that the parties promised the submission of a settlement agreement by June 17, 2003 (after the Court granted numerous extensions), have failed to submit such an agreement, and have failed to request a further extension of time, the Court thinks it appropriate to schedule a trial in this matter early next year to get these cases finally resolved, one way or the other, by Court order.