ADVANCED SYSTEMS TECHNOLOGY,
INC., Plaintiff,

v.

The **UNITED STATES,** Defendant.

No. 05–1167C.

United States Court of Federal Claims.

Jan. 13, 2006.

---

Lawrence Philip Block, Stinson, Morrison & Hecker, LLP, Washington, D.C., for plaintiff.

Kenneth David Woodrow, U.S. Department of Justice, Washington, D.C., for defendant.

## ORDER AND MEMORANDUM OPINION DENYING ALATEC, INC.'S MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

WILLIAMS, Judge.

In this pre-award bid protest Plaintiff, Advanced Systems Technology, Inc. (AST), asks

this Court to order the Small Business Administration's (SBA) Office of Hearings and Appeals (OHA) to consider its appeals of the designation of small business size codes in two solicitations.[1] AST currently serves as the incumbent contractor on two Army contracts supporting the Training and Doctrine Command Analysis Centers (TRAC) at Ft. Levenworth, Kansas and the White Sands Missile Range, New Mexico. A competing bidder filed successful appeals of the small business code designations in the follow-on solicitations, and Plaintiff did not have an opportunity to participate in those appeal proceedings at OHA. When AST later filed its own appeals of these size code determinations, OHA dismissed these appeals without considering AST's arguments on grounds that it had already considered all potential NAICS codes for these solicitations.

Because the changes in the NAICS codes render Plaintiff ineligible to compete as a small business, it seeks an injunction preventing award under these solicitations using the current NAICS codes and requiring SBA to consider Plaintiff's arguments in support of using the original codes. Plaintiff asks the Court to remand the matter to SBA's OHA, instructing OHA to afford it an opportunity to present its views on the proper NAICS code designation for each solicitation.

This matter comes before the Court on Alatec, Inc.'s (Alatec) motion for leave to file an amicus curiae brief.[2] Because Alatec's proposed amicus brief does not address the alleged procedural infirmities in OHA's appeal process at issue here and therefore does not aid the Court, Alatec's motion is denied.

### Background [3]

Alatec is a for-profit service-disabled veteran-owned small business corporation organized under the laws of Alabama. Alatec

---

1. SBA now uses the Northern American Industry Classification System (NAICS) to determine the size of a small business in a given industry.

2. Alatec filed its proposed amicus brief simultaneously with its motion.

3. The background is derived from Alatec's motion for leave to file brief amicus curiae and the accompanying amicus brief, Plaintiff's memorandum of points and authorities in opposition to Alatec's motion, and Defendant's brief opposing Alatec's motion.

provides engineering and professional services to the federal government, operates in a historically underutilized business zone (HUBZone), and is certified by SBA as a HUBZone small business. According to Alatec, its existence and plans for growth depend upon the Small Business Act, and Alatec opposes any relief sought by Plaintiff that may lead to redefinition of any regulations, guidelines, or procedures that implement the Small Business Act. Alatec is represented on the pending motion and proposed amicus brief by Sammy L. McNully, a vice president of Alatec. Alatec's motion papers do not represent that Mr. McNully is an attorney.

In its motion, Alatec indicates that it has "a vital interest in the core Small Business Act goal of opening Federal Government markets to the products, services, and innovations of small businesses," and argues in support of the small business code classifications which render Plaintiff ineligible under the solicitations at issue. Both Plaintiff and Defendant oppose Alatec's motion because Alatec is not represented by counsel as required by United States Court of Federal Claims Rule (RCFC) 83.1(c)(8). Plaintiff also argues that the issues addressed by Alatec are irrelevant to the issues before the Court and that Alatec's motion was not timely filed. Finally, AST claims that Alatec has a highly partisan interest in this matter because Alatec seeks to restrict the competitive field under one solicitation by keeping AST out of the bidding process and increasing its own chances of financial gain.

### Discussion

■ In exercising its discretion to accept an amicus curiae brief, the Court of Federal Claims considers such factors as "whether the parties oppose the motion, the strength of information and argument presented by the potential amicus curiae's interests, the partisanship of the moving entity, the adequacy of the current representation, the timeliness of the motion, and, perhaps most importantly, the usefulness of information and argument presented by the potential amicus curiae to the court." *Wolfchild v. United States*, 62 Fed.Cl. 521, 536 (2004); *see also Fluor Corp. & Affiliates v. United States*, 35 Fed.Cl. 284, 285 (1996) ("There is no right to file an *amicus* brief in this court; the decision whether to allow participation by *amici curiae* is left entirely to the discretion of the court.") (citing *American Satellite Co. v. United States*, 22 Cl.Ct. 547, 549 (1991)).

■ In its brief, Alatec asserts that: (1) all bidders share equal standing in any pending procurement action; (2) the government alone determines the true nature of work to be performed in nonpersonal services contracts; (3) SBA is the final authority in matters regarding the application of NAICS definitions for purposes of classifying the nature of work to be performed; and (4) work to be performed should weigh heavily in the classification of a "follow-on" work package. As such, Alatec's brief focuses on OHA's actual determination of the NAICS code classifications for the procurements and not OHA's process. AST, however, is not here seeking a substantive review of the NAICS code selections. Instead, AST challenges its failure to be heard by OHA in the appeals which changed the NAICS codes. AST seeks narrow and limited injunctive relief to prevent award under the two solicitations until OHA grants it the opportunity to be heard on its appeals. Because Alatec's proposed brief does not address issues presently pending before the Court and does not illuminate factors or circumstances which would aid the Court in resolving the matter, the brief will not be considered.

■ Moreover, the parties oppose Alatec's participation because it is not represented by counsel. RCFC 83.1(c)(8) provides:

An individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel. The terms counsel or attorney in these rules shall include unrepresented parties.

This rule is based on the principle that "a corporation is a legal entity distinct from its officers and shareholders." *Finast Metal Products, Inc. v. United States*, 12 Cl.Ct. 759, 761 (1987); *see also Talasila, Inc. v. United*

*States,* 240 F.3d 1064, 1066 (Fed.Cir.2001) ("The requirement of [former] Rule 81(d)(8) that a corporation be represented by an attorney in the Court of Federal Claims is clear, unqualified, and ... does not contemplate exceptions."); *Sermor, Inc. v. United States,* 13 Cl.Ct. 1 (1987) ("The rule is well settled that corporate agents who appear on the behalf of corporations in federal courts must be attorneys and not directors, officers or shareholders of the corporation."). Rule 83.1(c)(8) thus requires "parties" which are corporations to be represented by counsel but does not expressly prohibit participation of an unrepresented corporation as an amicus curiae. Therefore, the lack of representation by itself does not automatically bar an entity from participating in any fashion as an amicus curiae. *Cf. Wolfchild v. United States,* 68 Fed.Cl. 779 (2005) (allowing limited amicus participation by unrepresented tribe).

### Conclusion

Alatec's motion for leave to file a brief amicus curiae is **DENIED**.