Slip Op. 14 - 93

UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

CHANGZHOU HAWD FLOORING CO.,<br>
LTD., *et al.*,<br><br>
   Plaintiffs,<br><br>
     v.<br><br>
UNITED STATES,<br><br>
   Defendant.

</td><td>

Before: Donald C. Pogue,<br>
    Senior Judge<br><br>
Court No. 12-00020

</td></tr>
</table>

OPINION and ORDER

[motion to file comments as amicus curiae denied]

Dated: August 11, 2014

  Gregory S. Menegaz and J. Kevin Horgan, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiffs.

  Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Sarah M. Wyss, and Daniel R. Wilson, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiff-Intervenor Fine Furniture (Shanghai) Ltd.

  Harold Deen Kaplan, Craig A. Lewis, and Mark S. McConnell, Hogan Lovells US LLP, of Washington, DC, for Plaintiff-Intervenor Armstrong Wood Products (Kunshan) Co., Ltd.

  Mark R. Ludwikowski, Arthur K. Purcell, Michelle L. Mejia, and Kristen S. Smith, Sandler, Travis & Rosenberg, PA, of Washington, DC, for Plaintiff-Intervenors Lumber Liquidators Services, LLC, and Home Legend, LLC.

  Ronald M. Wisla and Lizbeth R. Levinson, Kutal Rock LLP, of Washington DC, for Movants Alliance for Free Choice and Jobs in Flooring.

  Alexander V. Sverdlov, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Defendant.  Appearing with him

were <u>Stuart F. Delery</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Claudia Burke</u>, Assistant Director.  Of counsel was <u>Shana Hofstetter</u>, Attorney, International Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

          <u>Jeffrey S. Levin</u>, Levin Trade Law, P.C., of Bethesda, MD, for the Defendant-Intervenor Coalition for American Hardwood Parity.

          **Pogue, Senior Judge**: This is an action challenging an antidumping duty rate established by the Department of Commerce ("Commerce" or "the Defendant").  Currently before the court is a motion from the primary members[1] of the Alliance for Free Choice and Jobs in Flooring ("AFCJF" or "Movants")[2] seeking *amicus curiae* status in this action and submitting a proposed *amicus* brief. Mot. to Appear, ECF No. 77 at 1.  The court has jurisdiction in the underlying action pursuant to § 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended,

---

[1] <u>See</u> Mot. to Appear as *Amicus Curiae*, ECF No. 77 ("Mot. to Appear") at 1-2 ("The current primary members of the [Alliance for Free Choice and Jobs in Flooring] who directly import the subject merchandise from China include: Swiff Train Co., Metropolitan Hardwood Floors, Inc., Real Wood Floors, LLC, Galleher Corp., Cresent Harwood Supply, Custom Wholesale Floors, Inc., Urban Global LLC, Pinnacle Interior Elements, Ltd., Timeless Design Import LLC, CDC Distributors, Inc., CLBY Inc. (dba D&M Flooring), Johnson's Premium Hardwood Flooring, Inc., The Master's Craft Corp., BR Custom Surface, Doma Source LLC, V.A.L. Floors, Inc., and Struxtur, Inc.").

[2] The AFCJF is "an organization of over 100 American companies . . . . involved in the manufacture, importation, and distribution of engineered wood flooring from China.  The AFCJF membership includes downstream companies who distribute, retail, and even install engineered wood flooring . . . ." Mot. to Appear, ECF No. 77 at 1.

19 U.S.C. § 1516a(a)(2)(B)(i) (2012) and 28 U.S.C. § 1581(c)

(2012).[3]  Because AFCJ is an interested party that is seeking, in

effect, intervenor not *amicus* status, and because AFCJF's brief

is not useful to the court, the motion is DENIED.

### BACKGROUND

In this action, Plaintiffs, all separate rate

respondents in the underlying administrative proceedings,

challenge Commerce's determination of their antidumping duty

deposit rate in Multilayered Wood Flooring from the People's

Republic of China, 76 Fed. Reg. 64,318 (Dep't Commerce Oct. 18,

2011) (final determination of sales at less than fair value).

Compl., ECF No. 9.  The ensuing litigation[4] has produced two

remands[5] and two corresponding redeterminations.[6]  The AFCJF now

---

[3] All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, 2012 edition, unless otherwise noted.

[4] This action was consolidated with Court Numbers 11-00452, 12-00007, and 12-00013, under Consolidated Court Number 12-00007. Order May 31, 2012, Consol. Ct. No. 12-00007, ECF No. 37.  Court Number 11-00452 was ultimately severed and dismissed. Am. Order Nov. 27, 2012, Consol. Ct. No. 12-00007, ECF No. 75; Judgment, Ct. No. 11-00452, ECF No. 68; see Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 853 F. Supp. 2d 1290 (2012); Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 865 F. Supp. 2d 1300 (2012).

[5] Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, ___ CIT ___, 925 F. Supp. 2d 1332 (2013) ("Baroque III") and Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 971 F. Supp. 2d 1333 (2014) ("Baroque IV")

moves to participate as *amicus curiae* pursuant to USCIT Rule 76.

Mot. to Appear, ECF No. 77 at 1.

## DISCUSSION

Pursuant to USCIT Rule 76, a nonparty may file a brief as an *amicus curiae* on motion to the court or by request of the court. USCIT Rule 76. A motion to appear as an *amicus curiae* "must identify the interest of the applicant and state the reasons why an *amicus curiae* is desirable." Id. The grant or denial of such a motion is "discretionary with the court." In re Opprecht, 868 F.2d 1264, 1266 (Fed. Cir. 1989) (internal citation omitted).[7]

---

[6] Final Results of Redetermination Pursuant to Court Order, Consol. Ct. No. 12-00007, ECF No. 132, and Final Results of Redetermination Pursuant to Court Order, ECF No. 52 ("Redetermination II"). Following the first remand determination, Court Numbers 12-00007 and 12-00013 were severed and final judgment entered. Order Granting Mot. to Sever, Consol. Ct. No. 12-00007, ECF No. 162; Judgment, Ct. No. 12-00007, ECF No. 163; Judgment, Ct. No. 12-00013, ECF No. 32. These have since been appealed by Defendant-Intervenor Coalition for American Hardwood Parity. Appeal of Judgment, Ct. No. 12-00007, ECF No. 166; Appeal of Judgment, Ct. No. 12-00013, ECF No. 33.

[7] See also N. Sec. Co. v. United States, 191 U.S. 555, 556 (1903) ("[D]oubtless it is within our discretion to allow [the filing of *amicus* briefs] in any case when justified by the circumstances"); Nat'l Org. for Women, Inc. v. Scheidler, 223 F.3d 615, 616 (7th Cir. 2000) ("Whether to permit a nonparty to submit a brief, as *amicus curiae*, is, with immaterial exceptions, a matter of judicial grace."); United States v. Michigan, 940 F.2d 143, 165 (6th Cir.1991) ("Classical participation as an *amicus* to brief and argue as a friend of the court was, and continues to be, a privilege within the sound

(footnote continued)

I.   The Interests of the Applicant

An *amicus curiae* is meant to be, as the name indicates,[8] a friend of the court.[9] While an *amicus* need not be totally disinterested,[10] there are limits to the availability of *amicus* status,[11] with a "bright line distinction between *amicus curiae* and named parties/real parties in interest." Siam Food Products Pub. Co., Ltd. v. United States, 22 CIT 826, 830, 24 F. Supp. 2d 276, 280 (1998) (quoting United States v. Michigan, 940 F.2d at 165).

Here, Movants seek to blur the line between intervenor and *amicus*.  Movants are importers and exports many of whom

---

discretion of the courts . . . .") (internal quotation marks and citations omitted).

[8] In Latin, *amicus*, being the masculine singular nominative of *amicus*, means "friend" and curiae, being the feminine singular genitive of *curia*, means "of the court." See Black's Law Dictionary 102 (10th ed. 2014).

[9] See also Clark v. Sandusky, 205 F.2d 915, 917 (7th Cir. 1953) (an *amicus curiae* is "a friend of the court whose sole function is to advise, or make suggestions to, the court").

[10] See Neonatology Associates, P.A. v. C.I.R., 293 F.3d 128, 131 (3d Cir. 2002) ("[I]t is not easy to envisage an *amicus* who is 'disinterested' but still has an 'interest' in the case."); Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n., 801 F.2d 1120, 1125 (9th Cir. 1986) ("[T]here is no rule that amici must be totally disinterested.") (internal citation omitted).

[11] See Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) ("We are beyond the original meaning now; an adversary role of an *amicus curiae* has become accepted.  But there are, or at least there should be, limits.") (internal citations omitted).

"participated in various facets of [Commerce's] original investigation," including as separate rate respondents. Mot. to Appear, ECF No. 77 at 2-3.  They now seek an "appropriate remedy from this Court." Second Remand Comments of *Amicus Curiae* [AFCJF], ECF No. 77-3 ("*Amicus* Br.") at 10.  Specifically, they want a zero rate for all separate rate respondents. Id.[12]  While a pecuniary interest in the outcome of a case does not preclude a nonparty from *amicus* standing,[13] "an *amicus curiae* is not a party to litigation" and is not entitled to seek relief. Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont., 694 F.2d 203, 204 (9th Cir. 1982) (citing Clark, 205 F.2d at 917).[14] A*micus* standing "should not become a substitute for

---

[12] They ask that the court "grant the zero margin not only to the separate rate respondents that are appellants in this proceeding, but to all separate rate respondents that participated in the original investigation." Id.

[13] See Neonatology Associates, 293 F.3d at 131-32 ("A quick look at Supreme Court opinions discloses that corporations, unions, trade and professional associations, and other parties with 'pecuniary' interests appear regularly as amici.") (citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 3 n. * (1991); Container Corp. of America v. Franchise Tax Bd., 463 U.S. 159, 161 n. * (1983)).

[14] See also Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975) (finding that "neither declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs"); Corning Gilbert Inc. v. United States, __ CIT __, 837 F. Supp. 2d 1303, 1306 (2012) (USCIT Rule 76 "certainly does not contemplate general participation at the trial level, with everything that entails (*e.g.,* procedural motions, discovery motions, or settlement discussions).").

intervention." <u>Stewart-Warner Corp. v. United States</u>, 4 CIT 141, 142 (1982) (not reported in F. Supp.).[15] Movants here seek not so much to be a friend of the court as to compensate for a failure to timely intervene. <u>See</u> Mot. to Intervene as Intervenor Pls. Pursuant to Rule 24(a)(3), ECF No. 78. Accordingly, granting them *amicus* standing is inappropriate.

## II.  The Desirability of an *Amicus Curiae*

*Amicus* briefs are "solely for the benefit of the [c]ourt." <u>Stewart-Warner</u>, 4 CIT at 142. A brief benefits the court when it "assist[s] the judge[] by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." <u>Voices for Choices v. Illinois Bell Tel. Co.</u>, 339 F.3d 542, 545 (7th Cir. 2003). The court will deny a motion to file an *amicus* brief that "essentially duplicates" a litigant's brief." <u>Id.</u> at 544.

---

[15] Movants explain that "in this unique situation," the separate rate companies "participated fully and properly in the initial investigation, but did not participate in this appeal [as Plaintiffs or Plaintiff-Intervenors] because at the time of the final determination there was no cause to appeal the separate company rate as calculated by [Commerce]. Only after remand where all mandatory respondents were found to have zero margins was it apparent that it was possible" that they could receive a zero rate and be excluded from the order. *Amicus* Br., ECF No. 77-3 at 10.

Here, the Movants' brief merely duplicates Plaintiffs' and Plaintiff-Intervenors' briefs.[16] This is neither desirable nor useful to the court. See USCIT R. 76 ("The motion for leave must . . . state the reasons why an *amicus curiae* is desirable."); Ass'n of Am. Sch. Paper Suppliers v. United States, __ CIT __, 683 F. Supp. 2d 1326, 1328 (2010) (the most important criterion for deciding whether granting *amicus* status is appropriate, is "the usefulness of information and argument

---

[16] While Movants claim that the "AFCJF brings a unique and informative perspective to the [c]ourt," Mot. to Appear, ECF No. 77 at 3, their proposed *amicus* brief merely repeats or incorporates by reference arguments already made before the court by Plaintiffs and Plaintiff-Intervenors. For a discussion of the inapplicability of the non-cooperative companies' rate to the separate rate respondents, compare *Amicus* Br., ECF No. 77-3 at 9 (incorporating by reference the arguments of Plaintiff-Intervenors Fine Furniture (Shanghai), Ltd. and Lumber Liquidators Services, Ltd.) with Comments of Certain Separate Rate Appellants to Second Remand Redetermination, ECF No. 69 ("Pls. Comments") at 13-17, Comments of Fine Furniture (Shanghai) Ltd. on Dep't of Commerce May 30, 2014 Final Result of Redetermination Pursuant to Ct. Order, ECF No. 74 ("Fine Furniture Comments")at 5-7, Comments in Opp'n to Dep't of Commerce May 29, 2014 Final Results of Redetermination Pursuant to Ct. Remand, ECF No. 75 ("Armstrong Comments") at 11-12, Response of Lumber Liquidators Services, LLC in Opp'n to United States 2nd Remand Redetermination, ECF No. 76 ("Lumber Liquidators Comments") at 7-8. For a discussion of how the only reasonable method to calculate the separate rate is to average the mandatory respondents margins, resulting in a *de minimis* separate rate, compare *Amicus* Br., ECF No. 77-3 at 11-13, with Pls. Comments, ECF No. 69 at 19-31; Fine Furniture Comments, ECF No. 74, at 25-27; Armstrong Comments, ECF No. 75 at 4-10; Lumber Liquidators Comments, ECF No. 76 at 7-13.

presented by the potential *amicus curiae* to the court").[17]

Accordingly, Movants' brief is not of benefit to the court and leave to file it is denied.

**CONCLUSION**

For the aforementioned reasons, it is hereby ORDERED that the AFCJF's motion to participate as *amicus curiae* is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Pogue
Donald C. Pogue, Senior Judge

Dated: August 11, 2014
      New York, NY

---

[17] See Ryan, 125 F.3d at 1064 ("In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to *amicus curiae* briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal."); Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991) ("Perhaps the most important [consideration] is whether the court is persuaded that participation by the *amicus* will be useful to it, as contrasted with simply strengthening the assertions of one party.") (internal citations omitted).